# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

FILED

2024 JUL 18 PM 12:27

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

2:24 CV 3719

JUDGE MARBLEY

MAGISTRATE JUDGE LITKOVITZ

Stephen Howard

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER: PRISONER # A374821

vs.

Major Carl Bendross

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Captain Jason Berger

Lt. Eric Jenkins

## COMPLAINT

I. PARTIES TO THE ACTION:

PLAINTIFF: PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Stephen Howard

NAME - FULL NAME PLEASE - PRINT

Allen-Oakwood Correctional Institution (AOCI)

ADDRESS: STREET, CITY, STATE AND ZIP CODE

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

    A.    HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO ( )

    B.    IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1. PARTIES TO THIS PREVIOUS LAWSUIT

    PLAINTIFFS:

    _____
    _____
    _____

    DEFENDANTS:

    _____
    _____
    _____

2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

    _____

3. DOCKET NUMBER

    _____

4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

    _____

5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

    _____

6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

    _____

7. APPROXIMATE DATE OF THE DISPOSITION

    _____

PLACE OF PRESENT CONFINEMENT

Allen-Oakwood Correctional Institution (AOCI), 2338 North West Street Lima, OH 45801

    A.    IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES (x) NO ( )

    B.    DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES (x) NO ( )

    C.    IF YOUR ANSWER IS YES:

        1.    WHAT STEPS DID YOU TAKE?

        Step 1. Step 2 , Step 3

        2.    WHAT WAS THE RESULT?

        Grievance granted. Prison administration admits due process was violated.

    D.    IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

    E.    IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

    F.    IF YOUR ANSWER IS YES:

        1.    WHAT STEPS DID YOU TAKE?

        2.    WHAT WAS THE RESULT?

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Major Carl Bendross
   NAMES - FULL NAME PLEASE
   2338 North West Street  Lima, OH 45801
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Captain Jason Berger
   2338 North West Street  Lima, OH 45801

3. Lt. Eric Jenkins
   2338 North West Street  Lima, OH 45801

4.

5.

6.

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

## STATEMENT OF CLAIM - <u>SEE ATTACHED</u>

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

## CONTINUED - STATEMENT OF CLAIMS

Plaintiff is an inmate currently incarcerated in the Ohio Department of Corrections at ODRC Allen Oakwood CI facility. Over the last few years, Plaintiff was employed as an infirmary porter with the job duties of keeping the prison infirmary clean and sanitary.

On June 30, 2022, Defendants Bendross and Berger ordered, without any lawful justification, Plaintiff to be removed from the general population and placed in segregation. Plaintiff remained in segregation between June 30, 2022, and July 11, 2022. While in segregation, after Plaintiff asked why he was there, Plaintiff was told that he was on a no staff, no contact order, and could not be told why he was there. Plaintiff pressed the issue with guards and asserted there was no valid reason for him to be in segregation.

In response to Plaintiff asking why he was in the hole, why he was in segregation, Defendant Jenkins issued a misconduct report based on known false assertions of misconduct.

Plaintiff was released from segregation on July 11, 2022. At that time, he was advised he would be given his cell assignment and work assignment back by the next day. On the next day, July 12, 2022, Plaintiff was advised that, one, he was fired from his employment as a porter in the infirmary; two, Plaintiff was not going to be

1

returned to his cell assignment; and three, Plaintiff had a hearing coming up on the misconduct report issued to him on June 30, 2022, by Defendant Jenkins.

The hearing was held in regard to the misconduct report. At the hearing, another prison staff member appeared and testified for Plaintiff that he was innocent of the misconduct report issued against him. The hearing officer agreed and dismissed the charges with a not guilty finding.

Regarding being removed from the general population and being placed in segregation, at no time prior to said placement and or after said placement was any form of mandatory due process provided to Plaintiff. There was no due process provided under state prison policy, nor was there any due process provided under state or federal constitution and/or requirements established by the courts.

In regard to the misconduct report, Defendant Jenkins issued that misconduct report, knowing that the assertions of misconduct reported therein were, one, false; two, never investigated; and three, as retaliation for Plaintiff's complaints that he was being removed from the general population and placed in segregation absent due process.

Plaintiff, in fact and in law, did nothing wrong. Plaintiff violated no federal or state law, nor any prison policy or rule, to provide a basis for the defendants named herein to remove Plaintiff from the general population and to then place Plaintiff in

segregation with no due process. To be clear, in violation of clearly established federal law, state law, rights, and prison policy, Defendants Bendross and Berger ordered Plaintiff's removal from the general population, placed him in segregation, and failed to provide due process by way of notice of reasons, charges as reasons, or opportunity to be heard. That placement violated the clearly established rights of Plaintiff.

The actions of the defendants caused Plaintiff to lose his job, lose his living assignment, lose his wages for the job assignment, lose commissary purchases, and subjected Plaintiff to arbitrary and deliberate placement in segregation for no valid reason.

Finally, Plaintiff was subjected to a known false misconduct report as retaliation for questioning the displacement in segregation, which he was not allowed to issue grievances on, and of which he was, in fact, found not guilty. Plaintiff did, in fact, take advantage of the prison grievance system and filed all three steps in an effort to exhaust state administrative remedies.

The conclusion of the grievance process was that this was an admission of the prison system that the defendants have, in fact, subjected Plaintiff to violations of due process of law and persistent prison procedure.

## **Claim One: Violation of Due Process**

Defendants Bendross and Berger violated Plaintiff's right to due process of law under state and federal constitutions, as well as state law and prison policy. Defendants Bendross and Berger caused Plaintiff to be removed from the general population and sent to segregation on June 30, 2022, and caused Plaintiff to be held in segregation between June 30, 2022, and July 11, 2022, without affording any form of administrative and/or state or federal due process.

Plaintiff received no notice of reason, no hearing, no chance to hear, nor any official reason as to why he was being removed from the general population, placed in segregation, or provided notice or a chance to be heard. State and federal constitutions, as well as Ohio law and Ohio prison policies, demand due process be provided to incarcerated persons when they are removed from the general population and placed in segregation, and when they are classified out of their job assignment. In this matter, no due process was afforded, and the grievance responses admit due process was denied and proper prison procedure was not complied with or followed.

## **Claim Two: Retaliation**

When Plaintiff was placed in segregation on June 30, 2022, Plaintiff asked multiple times that day why he was there. In response, he was told to shut up. After Plaintiff's assertions that he had a right to know why he was in segregation, Defendant Jenkins intentionally, as retaliation, issued him a misconduct report. Defendant Jenkins knowingly and falsely accused Plaintiff of theft. Defendant Jenkins issued the misconduct report as retaliation against Plaintiff for his complaint for being placed in segregation, removed from the general population without notice or reason, and because Plaintiff asserted, he had a right to know why he was being treated the way he was being treated.

Plaintiff was denied the ability to grieve this issue. Plaintiff was told the issue is not grievable as it was related to a misconduct report, and issues associated with misconduct reports are not grievable in the Ohio prison system. Plaintiff was found not guilty of this false misconduct report. Plaintiff was subjected to retaliation of false accusations and official state process by Defendant Jenkins.

## RELIEF

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

Plaintiff plans to seek punitive, nominal, compensatory, and general damages in excess of $5,000 from each defendant named herein.

SIGNED THIS 11th DAY OF July 20 24.

*[signature]*

SIGNATURE OF PLAINTIFF

**PRESS FIRMLY TO SEAL**

**PRIORITY MAIL
LEGAL FLAT RATE ENVELOPE
POSTAGE REQUIRED**

1

$1.39 US POSTAGE
1 OZ FIRST-CLASS MAIL FLATS RATE
RETAIL

062S0001443200
19552780
FROM 80229

stamps
endicia
07/12/2024

## USPS FIRST CLASS MAIL®

Vreeland Legal Inc.
871 Thornton Parkway
Suite 271
Thornton CO 80229

C004

SHIP TO:  OFFICE OF THE CLERK
Joseph P. Kinneary U.S. Courthouse
85 MARCONI BLVD RM 121
COLUMBUS OH 43215-2823





